UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TUPOU NETANE,<br><br>   Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK, NA F/K/A/ WORLD SAVINGS BANK, FSB; THE BANK OF NEW YORK AS TRUSTEE FOR SECURITIZED TRUST WORLD SAVINGS BANK MORTGAGE PASS-THROUGH CERTIFICATES REMIC 30 TRUST; AND DOES THROUGH 100,<br><br>   Defendants. | Case No. 13-cv-04344 NC<br><br>**ORDER TO SHOW CAUSE**<br>**RE: SANCTIONS** |

  This order to show cause arises out of representations made to the Court by counsel purporting to act on behalf of plaintiff who was dead before this case was filed.

  This action was initiated on August 14, 2013, in San Mateo County Superior Court. Dkt. No. 1-1. The complaint was filed by Tupou Netane, "an individual," against defendants Wells Fargo and Bank of New York, alleging causes of action for wrongful foreclosure, fraud, quiet title, and declaratory relief. *Id.* The complaint was signed and verified under penalty of perjury by Airene Williamson, as attorney for plaintiff. *Id.* at 25-26.

On September 19, 2013, Wells Fargo removed the action to this Court based on diversity, 28 U.S.C. § 1332(a). Dkt. No. 1. On October 15, 2013, Wells Fargo filed a motion to dismiss the complaint, which was joined by Bank of New York. Dkt. Nos. 9, 13. On October 29, 2013, non-party Equity Growth Asset Management filed a motion to intervene and expunge notice of pending action (lis pendens). Dkt. No. 14.[1]

On October 31, 2013, Williamson Law Office, PLLC ("WLO") filed a motion for leave to withdraw as counsel for plaintiff Tupou Netane. Dkt. No. 16. The motion stated:

> As of September 11, 2013, Plaintiff and WLO formally terminated its attorney-client relationship. In fact, notice of WLO's intent to withdraw as counsel was served on the Plaintiff on the same date, September 11, 2013.
>
> . . .
>
> This motion to withdraw should be granted because there is good cause. Under the rules of professional conduct, an attorney may withdraw for other good cause, specifically under CA ST RPC Rule 3-700(C)(5), wherein "client knowingly and freely assents to termination of the employment." In this case, the relationship between the Plaintiff and WLO has already been formally terminated as of September 11, 2013. This represents good cause for withdrawal.

*Id.* at 1:25-2:2, 3:17-22.

The motion to withdraw was signed by Airene Williamson as "attorney for Tupou Netane." *Id.* at 4. The motion was further accompanied by a certificate of mailing in which an employee of WLO certified that on October 31, 2013, the motion was served by email and mail on Tupou Netane. *Id.* at 5.

The Court set the motion for hearing on December 11 and ordered both plaintiff and plaintiff's counsel of record to appear in person at the hearing. Dkt. No. 28. On December 4, 2013, WLO filed a request that the Court "set aside its order requiring WLO to appear at the hearing on December 11, 2013, or, alternatively, to permit WLO to appear telephonically." Dkt. No. 30. In support of its request, WLO made the following assertions:

> The motion to withdraw was made with good cause: Plaintiff has already terminated WLO's services as her counsel as of September 11, 2013.

---

[1] Both defendants and the intervenor have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). Dkt. Nos. 6, 23, 24. No consent has been filed on behalf of plaintiff.

>Furthermore, Plaintiff has not responded to WLO's repeated attempts to contact her.
>
>WLO is willing to appear at the hearing on December 11 in person, but if WLO is required to appear, WLO will incur costs that it will be forced to pass onto the Plaintiff. However, as Plaintiff has already demonstrated a reluctance to pay her legal bills and WLO has not had any success in contacting the Plaintiff, the costs will likely be absorbed by WLO.

*Id.* at 2:12-19.

WLO's request to set aside was again signed by Airene Williamson as "attorney for Tupou Netane." *Id.* at 3. A certificate of mailing accompanied the request stating that Tupou Netane was served by email and mail but listed a different document as the document having been served and was not signed. *Id.* at 4.

Because the assertions made by WLO in its motion to withdraw as counsel and subsequent request to set aside the order requiring personal appearance were not accompanied by a declaration or affidavit as required by the Local Rules, the Court ordered WLO to file a declaration setting forth the facts supporting WLO's request to withdraw as counsel, including facts showing (1) plaintiff's termination of WLO's services; (2) any efforts made by WLO to notify plaintiff of WLO's motion to withdraw as counsel and the Court's orders setting hearing on the motion and requiring personal appearance by plaintiff; (3) whether plaintiff consents to the motion to withdraw and any efforts made by WLO to ascertain plaintiff's position regarding the motion; and (4) any steps taken by WLO to avoid reasonably foreseeable prejudice to the rights of plaintiff as provided by California Rule of Professional Conduct 3–700(A)(2). Dkt. No. 32.

In response to the Court's order, Airene Williamson filed a declaration, making the following statements under the penalty of perjury:

>THE WILLIAMSON LAW OFFICE, PLLC is the former counsel for Tepou Netane in the above-captioned matter.
>
>Upon information and belief and without further divulging attorney-client privilege information, Mr. Tupou Netane has since passed away. WLO's main point of contact has been Mr. Tupou Netane's wife, and daughter, Malissa Netane.
>
>Aside from payment issues, WLO and Mr. Netane's family mutually agreed to terminate its attorney-client relationship on September 11, 2013 due to possible complex probate issues.

Case No. 13-cv-04344 NC
ORDER TO SHOW CAUSE
RE: SANCTIONS                                      3

> . . .
>
> The motion to withdraw was made with good cause: Plaintiff's family/ representatives have already terminated WLO's services as her counsel as of September 11, 2013.
>
> Since the termination of the attorney-client relationship, Plaintiff's family/ representatives have not respond to WLO's repeated attempts to make contact over the last couple months.

Dkt. No. 33 ¶¶ 3-5, 7-8.

On December 11, 2013, the Court held a hearing on WLO's motion to withdraw as counsel. Dkt. No. 36. Airene Williamson and Malissa Netane, daughter of Tupou Netane, appeared at the hearing. *Id.* In response to the Court's questioning at the hearing, Airene Williamson acknowledged that at the time she filed the complaint in state court, she knew that plaintiff was dead. The Court denied WLO's motion to withdraw as counsel and ordered WLO to file a statement of the death of plaintiff, as well as a status update informing the Court if counsel intends to request substitution of plaintiff under Federal Rule of Civil Procedure 15, 17, 25 or any other legal authority, seek to terminate the case, or request more time. *Id.* The Court further ordered that, if counsel intends to request substitution of plaintiff, she must inform the Court of the identity of the person she proposes to substitute and why that person is a proper plaintiff. *Id.*

In response, Airene Williamson filed a declaration stating that the date of plaintiff Tupou Netane's death is January 9, 2011, Dkt. No. 39 ¶ 6, which is more than two years before she filed this case. Dkt. No. 1-1. The declaration further stated that Malissa Netane, daughter of plaintiff Tupou Netane, "finally informed [plaintiff's counsel's] office that upon further conferring with her family, specifically her brother, the Tupou family has decided NOT to move forward with the instant case against the named defendants," and that plaintiff's counsel is in the process of attempting to obtain a stipulation of dismissal of this case. Dkt. No. 39 ¶¶ 7-9.

On December 17, 2013, the Court ordered WLO to serve certain Court orders and filings on Malissa Netane (to the extent not previously served), her brother, her mother, and any other family member or other nonparty who could be a potential successor or

representative of plaintiff Tupou Netane, or otherwise a potential party who could have the right to assert the claims in this case. Dkt. No. 40. The Court also ordered WLO to file a proof of service. *Id.* No such proof of service has been filed to date.

In its December 17 order the Court also continued the initial case management conference and ordered the parties and Equity Growth Asset Management to file a joint report at least seven days prior to the January 15, 2014, case management conference, advising the Court of their respective positions regarding the effect of the notice of death of plaintiff on this litigation, including the status of the pending motions. *Id.* To date, the Court has not received a report in response to this order.

On January 8, 2014, Airene Williamson filed a notice purporting to dismiss the case on behalf of the deceased plaintiff. Dkt. No. 41. The notice states: "TO THIS HONORABLE COURT: Comes Now, Plaintiff TUPOU NETANE, by and through his attorney of record, respectfully submits this Notice of Voluntary Dismissal of Action pursuant to FRCP Rule 41(a)(1)(A)(i)." *Id.* at 1:25-26. The notice further states that "the Plaintiff dismisses this case without prejudice pursuant to Rule 41(a)(1)(A)(i) with each party to bear their own attorneys' fees and costs in accordance with the terms of the settlement agreement between the Parties." *Id.* at 41 at 2:6-8.

IT IS HEREBY ORDERED THAT:

By January 27, 2014, Airene Williamson and WLO must show cause in writing why the "Notice of Voluntary Dismissal of Action" should not be stricken as an improper filing. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (district courts have inherent power to control their docket, which includes the power to strike items from the docket as a sanction for litigation conduct). Federal Rule of Civil Procedure 41 provides that "*plaintiff* may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i) (emphasis added). As Airene Williamson and WLO have acknowledged in a prior filing with this Court, plaintiff Tupou Netane has been dead since January 9, 2011. Dkt. No. 39 ¶ 6. Accordingly, plaintiff Tupou Netane cannot

act with, or without counsel, to dismiss this action.

In addition, by January 27, 2014, Airene Williamson and WLO must show cause in writing why they should not be sanctioned under Federal Rule of Civil Procedure 11 and/or the Court's inherent power to impose sanctions. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 46-49 (1991); *Fink v. Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001) (sanctions under the courts' inherent power are available if the court specifically finds bad faith or conduct tantamount to bad faith such as "a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose"). Such sanctions may include a formal reprimand, monetary sanctions, referral to the Northern District Standing Committee on Professional Conduct, the Chief Judge, or another appropriate disciplinary authority in California or the Northern District. *See* Civil L.R. 11-6(a).[2]

Airene Williamson and WLO's response to the order to show cause must explain why they should not be sanctioned for presenting to the Court filings that contain factual contentions without evidentiary support, legal contentions not warranted by law, and/or that were presented for an improper purpose in violation of Rule 11(b). Specifically, the following conduct by Airene Williamson and WLO appears to violate Rule 11(b):

1.    Presenting false and misleading information in WLO's motion to withdraw as counsel, by omitting the information that plaintiff Tupou Netane is dead, despite knowledge of that fact, and instead representing that (a) notice of WLO's intent to withdraw as counsel was served on plaintiff; (b) "as of September 11, 2013" plaintiff "formally terminated" the attorney-client relationship with WLO; (c) plaintiff "knowingly and freely assent[ed] to termination of the employment"; (d) plaintiff's knowing and free termination of WLO's employment constitutes good cause for WLO's withdrawal as counsel; and (e) the motion to withdraw was served by email and mail on plaintiff. Dkt. No. 16 at 1:25-2:2, 3:17-22, 5.

---

[2] Rule 11 sanctions fall within the non-dispositive group of matters which a magistrate may determine. *Maisonville v. F2 America, Inc.*, 902 F.2d 746, 747-48 (9th Cir. 1990); *see also Apple Inc. v. Samsung Electronics Co., Ltd.*, 888 F. Supp. 2d 976, 987 (N.D. Cal. 2012) (magistrate judges have inherent power to impose sanctions).

2. Presenting false and misleading information in WLO's motion to set aside the Court's order requiring personal appearance at the hearing on the motion to withdraw as counsel, by continuing to omit the information that plaintiff Tupou Netane is dead, despite knowledge of that fact, and instead representing that (a) "The motion to withdraw was made with good cause: Plaintiff has already terminated WLO's services as *her* counsel as of September 11, 2013"; (b) "Plaintiff has not responded to WLO's repeated attempts to contact *her*"; and (c) "Plaintiff has already demonstrated a reluctance to pay *her* legal bills and WLO has not had any success in contacting the Plaintiff." Dkt. No. 30 at 2:12-19 (emphasis added).

3. Presenting false and misleading information in the declaration of Airene Williamson, representing that (a) plaintiff Tupou Netane "has since passed away," and thus implying that plaintiff was still alive when this action was initiated; (b) "WLO and Mr. Netane's family mutually agreed to terminate its attorney-client relationship on September 11, 2013" and "[t]he motion to withdraw was made with good cause: Plaintiff's family/ representatives have already terminated WLO's services as her counsel as of September 11, 2013," both statements implying that WLO's attorney-client relationship was terminated by someone having authority to act on behalf of Tupou Netane. Dkt. No. 33 ¶¶ 3-5, 7-8.

4. Presenting false and misleading information in the Notice of Voluntary Dismissal of Action, representing that plaintiff is seeking to dismiss this action, despite knowledge that plaintiff is dead, and without having sought to substitute a proper plaintiff. Dkt. No. 41.

Additionally, Airene Williamson's and WLO's response to the order to show cause must explain why they should not be sanctioned under the Court's inherent power for disobeying the Court's orders by:

5. Failing to file a declaration setting forth the facts showing (a) whether plaintiff consents to the motion to withdraw and any efforts made by WLO to ascertain plaintiff's position regarding the motion; and (b) any steps taken by WLO to avoid reasonably foreseeable prejudice to the rights of plaintiff, as required by the Court's order, Dkt. No. 32.

6. Failing to file a proof of service and a report in advance of the January 15, 2014, case management conference as required by the Court's order, Dkt. No. 40.

In responding to the order to show cause, Airene Williamson and WLO are directed to provide the Court with the evidentiary and legal basis for the assertions identified in paragraphs 1 through 4 above, as well as any facts showing that counsel engaged in reasonable inquiry prior to making those assertions.

The Court will hold a hearing on the order to show cause on January 29, 2014, at 1:00 p.m. in Courtroom A, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California.

The case management conference currently scheduled for January 15, 2014, is continued to February 12, 2014, at 1:00 p.m.

IT IS SO ORDERED.

Date: January 10, 2014

Nathanael M. Cousins
United States Magistrate Judge

Case No. 13-cv-04344 NC
ORDER TO SHOW CAUSE
RE: SANCTIONS

8